MEMORANDUM **
Victor Fernandez appeals from his post-trial motion, wherein he renewed his motions for judgment as a matter of law (JMOL), contending there was insufficient evidence to support the jury’s verdict that $70,850 was subject to forfeiture because of a drug trafficking connection and that $87,000 was subject to forfeiture for its involvement in currency reporting and bulk cash smuggling violations. Although the district court reduced the $87,000 amount to $50,000, Fernandez also asserts on appeal that this amount constitutes an excessive fine.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
*160 We review de novo the district court’s decision on a renewed motion for JMOL. White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir.2002), as amended by 335 F.3d 833 (9th Cir.2003). The test is whether “the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.” Id. We review de novo the district court’s determination of excessiveness of a forfeiture under the Eighth Amendment. United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1121 (9th Cir.2004). However, we must accept the district court’s findings of fact unless they are clearly erroneous. Id.
Construed in the light most favorable to the government, the record supports the jury’s verdict that $70,850 in currency was subject to forfeiture because it was furnished, or intended to be furnished, in exchange for a controlled substance, or traceable to such an exchange. See 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 881(a)(6). Fernandez did not move to exclude as irrelevant or prejudicial the government’s testimony that two narcotics-detection dogs positively alerted on the currency in the briefcase. Nor did Fernandez present evidence at trial supporting a currency contamination theory. See United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1042-43 (9th Cir.1994). Moreover, the government’s testimony on the dogs’ training and past experiences with large sums of currency was not so insufficient as to require us to conclude the dog alerts were unsophisticated or unreliable. See United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 982 (9th Cir. 2002). The dog alerts and the ample evidence of suspicious circumstances surrounding the currency in the briefcase adequately connect that currency to illegal drug activity.
We conclude additionally that there was sufficient evidence of specific intent supporting the jury’s verdict that $87,000 was subject to forfeiture under 31 U.S.C. §§ 5332(a), (c) for its involvement in bulk cash smuggling violations. We review the entire record, including the testimony of Fernandez and his sister regarding the amount of currency and the manner in which such currency was brought into the country. See Harper v. City of Los Ange-les, 533 F.3d 1010, 1021 (9th Cir.2008). The jury could reasonably disbelieve the testimony of Fernandez and his sister and could reasonably rely on their testimony to find the requisite intent for bulk cash smuggling offenses.
Finally, we conclude that the Eighth Amendment did not require the district court to further mitigate the jury’s verdict that $87,000 was subject to forfeiture for involvement in currency reporting violations, 31 U.S.C. §§ 5316, 5317(c)(2), or bulk cash smuggling violations, 31 U.S.C. §§ 5332(a), (c). See United States v. Baja-kajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). The district court reasonably and appropriately mitigated the forfeiture for those offenses to $50,-000 — the maximum fine under the Sentencing Guidelines. See $100,348.00 in U.S. Currency, 354 F.3d at 1123-24.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although Fernandez attempts to challenge additionally the district court’s summary judgment ruling, we decline to address that ruling because Fernandez may not challenge denial of summary judgment after the case proceeded to a jury trial. See General Signal Corp. v. MCI Telecomm. Corp., 66 F.3d 1500, 1506-07 (9th Cir.1995). Furthermore, we *160 disagree with Fernandez's assertion that the district court applied the wrong legal standard at summary judgment.